Alvin STEWART, Petitioner

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United States Department of Labor; Tigress Environmental & Dockside Services; Louisiana Workers' Compensation Corporation, Respondents.

No. 13–60509
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 9, 2014.

Mark L. Riley, Glenn Armentor Law Corporation, Lafayette, LA, for Petitioner.

---

Matthew W. Boyle, Rae Ellen James, Mark Ambrose Reinhalter, U.S. Department of Labor Office of the Solicitor, Thomas O. Shepherd, Jr., Clerk, Benefits Review Board, Washington, DC, David Duhon, U.S. Department of Labor ESA/OWCP/DLHWC, New Orleans, LA, David Widener, U.S. Department of Labor, Houston, TX, David Keith Johnson, Esq., Johnson, Stiltner & Rahman Louisiana Workers Compensation Corporation, Baton Rouge, LA, for Respondents.

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM: *

Alvin Stewart petitions for review of an adverse decision by the Benefits Review Board ("BRB") regarding his Longshore and Harbor Workers' Compensation Act claim. However, the only issue he briefs pertains to Dr. Bernard, to whom Stewart was sent for an independent evaluation after Stewart's doctor and the employer's doctors disagreed regarding causation of Stewart's back problems. Stewart contends that Dr. Bernard is biased such that his opinions should have been discounted by the Administrative Law Judge and the BRB.

The BRB concluded that it did not need to address the issue of Dr. Bernard's alleged partiality: "Because [the treating physician] did not relate claimant's continuing back problems to his work injury, claimant has not met his burden of establishing that his back condition is work-related. Therefore it is not necessary to address claimant's allegations with respect

to Dr. Bernard's alleged partiality." *A.S. v. Tigress Envtl. & Dockside Servs.*, BRB No. 12–0425, 2013 WL 2472385, at *3 (DoL Ben. Rev. Bd. May 29, 2013). Stewart has wholly failed to address the basis for the BRB's ruling and, thus, has abandoned the only relevant issue before this court. *See United States v. Charles*, 469 F.3d 402, 408 (5th Cir.2006) ("Inadequately briefed issues are deemed abandoned.").

PETITION FOR REVIEW DENIED.

---

* Pursuant to 5TH CIR R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.